Filed 11/8/23  P. v. James CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061993 |
| v. | (Super. Ct. No. RIF1105740) |
| DAVIA DAMANIQUE JAMES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.  Respondent's request for judicial notice.  Granted in part.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Alan L. Amann and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

Davia Damanique James appeals from the denial of her petition for resentencing under former Penal Code section 1170.95 (now section 1172.6).[1]  She contends the court violated her statutory and constitutional rights when it denied her petition without reviewing the record of conviction and by not providing a meaningful statement of reasons for its denial.  The Attorney General concedes the court did not follow the procedure set out in section 1172.6 when it denied James's petition at the prima facie hearing, but the Attorney General asserts the error was harmless because James is ineligible for resentencing under the statute as a matter of law.  We agree James is ineligible for resentencing relief under section 1172.6 as a matter of law, and therefore, she was not prejudiced by the court's errors.  We affirm the order denying James's petition.

BACKGROUND

In 2012, a jury convicted James of the second degree murder of her son (§ 187, subd. (a)) and inflicting great bodily injury upon him (§ 273a, subd. (a)).  The court sentenced James to prison for an indeterminate term of 15 years to life.

In 2022, James filed a petition for resentencing under former section 1170.95.  The court appointed counsel to represent James, and a status conference was scheduled to be held about a month later.  The prosecution did not file a response to James's petition.  At the status conference, the prosecution made an oral motion to dismiss the petition, asserting James was statutorily ineligible for resentencing relief because she was not convicted of murder under either felony murder or a natural and probable consequences theory.  James was not present at the hearing, but her appointed counsel was.  James's counsel represented to the court he had "confirmed" James was not

---

[1]  Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  All further statutory references are to the Penal Code unless otherwise stated.

convicted of murder under theories of natural and probable consequences, felony murder, or aiding and abetting. The trial court denied James's petition and stated, "[t]he defendant is statutorily ineligible." James timely appealed the denial.

## DISCUSSION

### I.

### SECTION 1172.6

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015 (Senate Bill 1437)) "transformed the law of accomplice liability for murder." (*People v. Langi* (2022) 73 Cal.App.5th 972, 978.) It amended the felony-murder rule and eliminated "'the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*); *People v. Strong* (2022) 13 Cal.5th 698, 707, fn. 1 (*Strong*).) A few years later, these changes were expanded to include defendants convicted of attempted murder under the natural and probable consequences doctrine and defendants convicted of murder under any "other theory under which malice [was] imputed to [them] based solely on [their] participation in a crime[.]" (Former § 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2; *People v. Langi, supra*, 73 Cal.App.5th at p. 978.)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended." (*Strong, supra*, 13 Cal.5th at p. 708.) This procedure is now set out in section 1172.6. Under section 1172.6, subdivision (a), "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" may file a petition with the court to have his or her murder conviction vacated. The petitioner is

3

entitled to relief and to be resentenced on any remaining counts when three conditions are satisfied. The first condition is the prosecution proceeded under a now prohibited theory of murder or attempted murder. (§ 1172.6, subd. (a)(1).) Second, "[t]he petitioner was convicted of murder, attempted murder, or manslaughter following a trial . . . ." (*Id.*, subd. (a)(2).) Third, "[t]he petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (a)(3).)

To obtain the relief provided by section 1172.6, a petitioner must file a petition with the original sentencing court and serve the petition on the prosecuting agency, among others. (§ 1172.6, subd. (b)(1).) The petition must contain: (1) a declaration by the petitioner that he or she is eligible for relief under section 1172.6; (2) "[t]he superior court case number and year of the petitioner's conviction"; and (3) a statement as to whether the petitioner requests the appointment of counsel. (*Id.*, subd. (b)(1)(A)–(C).) Upon receiving a facially sufficient petition, the court must appoint counsel if requested by the petitioner. (*Id.*, subd. (b)(3).)

Within 60 days after service of a petition, the prosecutor must file a response. The petitioner may then file a reply within 30 days. (§ 1172.6, subd. (c).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*) At this hearing, the court may review the record of conviction to determine whether the petitioner has made a prima facie case for relief. (*Lewis, supra*, 11 Cal.5th at p. 971 [interpreting the prima facie requirement as originally codified in former § 1170.95].) In conducting the prima facie inquiry, """the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an

4

evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid*.)

"If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).) However, if the record conclusively establishes the petitioner is ineligible for relief, the court may dismiss the petition without issuing an order to show cause. (*Strong, supra*, 13 Cal.5th at p. 708.) If the court does not issue an order to show cause, "it shall provide a statement fully setting forth its reasons . . . ." (§ 1172.6, subd. (c).)

When a court does issue an order to show cause, an evidentiary hearing is held, at which the prosecution must prove beyond a reasonable doubt the petitioner is guilty of murder under the amended law, unless the parties stipulate the petitioner is eligible for relief. (§ 1172.6, subds. (c), (d); *Strong, supra*, 13 Cal.5th at pp. 708–709.) If the prosecution fails to sustain its burden, the court must vacate the petitioner's murder conviction and resentence the petitioner on the remaining charges. (§ 1172.6, subd. (d)(3).)

II.

JAMES IS INELIGIBLE FOR RESENTENCING AS A MATTER OF LAW

The court denied James's resentencing petition at the prima facie hearing. """"A denial at that stage is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.' [Citations.] This is a purely legal conclusion, which we review de novo."'" (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

James argues the court violated her statutory and constitutional rights by denying her petition at the prima facie hearing without considering the record of conviction and by not providing a substantive statement of reasons for denying her

5

petition. She asserts the matter must be remanded to the superior court with directions to issue an order to show cause or to conduct a proper prima facie hearing.

The Attorney General does not argue the court followed the procedure in section 1172.6 and *Lewis, supra*, 11 Cal.5th at page 971 when denying James's petition. The Attorney General acknowledges the court summarily denied the petition without reviewing James's record of conviction, and the Attorney General does not address whether the court provided a sufficiently detailed statement of its reason for denying the petition. But the Attorney General argues any procedural errors by the court were harmless because the record of conviction establishes James is ineligible for relief as a matter of law as she was convicted of murder under a still valid theory.

The Attorney General's argument stutters at the start because James's record of conviction was not considered by the court below and is not part of the appellate record. The Attorney General seeks to overcome this by asking this court to take judicial notice of the record in James's direct appeal (appellate case No. G049901) under Evidence Code sections 452, subdivision (d) and 459, subdivision (a).

James opposes the motion for judicial notice. She argues the Attorney General's motion is deficient because it does not comply with California Rules of Court, rule 8.252, which sets out the requirements for a motion requesting a reviewing court take judicial notice of matters under Evidence Code section 459. The Attorney General's motion does not state: (1) whether the matter to be noticed was presented to the trial court; and (2) "[w]hether the matter to be noticed relates to proceedings occurring after the order or judgment that is the subject of the appeal." (Cal. Rules of Court, rule 8.252(a)(2)(B), (D).) Nor did the Attorney General attach to its motion a copy of the matter to be noticed or explain why it was impracticable to do so. (*Id.*, rule 8.252(a)(3).) James further asserts the Attorney General did not provide her a copy of the matter to be noticed.

James also asserts the prior appellate record "is irrelevant to the issue on appeal, it was not presented to the superior court and was not relied on by the trial court in finding [her] ineligible for relief under section 1170.95 as a matter of law . . . ." She contends, "[b]y accepting the prior appellate record to determine harmlessness, this Court would effectively be undertaking the task assigned explicitly to the superior court rather than reviewing the superior court's actions for error."

We agree with James the Attorney General's motion for judicial notice does not comply with the requirements of California Rules of Court, rule 8.252(a)(2)–(3). But we nevertheless grant the Attorney General's motion in part.

Generally, where error has been shown, as here, the reviewing court must determine whether the error was harmless or whether the appellant was prejudiced by the error and reversal is required. (*People v. Gonzalez* (2018) 5 Cal.5th 186, 195–196 [discussing the standards used to evaluate different types of error].) Here, the issue is whether James was prejudiced by the court's procedural missteps at the prima facie hearing. In this context, we must determine whether "'there is a reasonable probability that in the absence of the error [James] . . . would have obtained a more favorable result,'" meaning the court would have issued an order to show cause and held an evidentiary hearing on her petition. (*Lewis, supra*, 11 Cal.5th at p. 974; *People v. Watson* (1956) 46 Cal.2d 818, 836.) We make this determination by reviewing portions of the record of conviction.

In *Lewis*, the Supreme Court explained the record of conviction informs the prima facie inquiry as it permits "the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, at 11 Cal.5th p. 971.) The instructions given the jury at James's trial and the verdicts returned by the jury are part of the record of conviction. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 50 [jury instructions and verdicts are portions of the record of conviction]; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055 [jury instructions are part of the record of conviction],

7

disapproved on another ground by *Lewis, supra*, 11 Cal.5th at pp. 961–962.)  Thus, we take judicial notice of the instructions given the jury at James's trial and the jury's verdicts as these items are relevant to our determination of whether there is a reasonable probability James would have obtained a more favorable result if the court had not erred. (*Lewis, supra*, 11 Cal.5th at p. 974.)

James was charged with malice murder, not felony murder.  The jury instructions given in James's trial establish as a matter of law James was not convicted of murder under a now impermissible theory.  The jury was not instructed on the natural and probable consequences doctrine, felony murder, or any other theory of murder where malice is imputed based solely on the person's participation in a crime.  The jury was not instructed on aiding and abetting or any vicarious liability theory.  The jury was instructed on a single theory of murder—second degree implied malice murder, which remains a valid theory of murder.  (*People v. Rivera* (2021) 62 Cal.App.5th 217, 232, review granted June 9, 2021, S268405, review dismissed Jan. 19, 2022.)  Under the instructions given, the jury necessarily found James guilty of murder based on her own actions and mental state, when it found her guilty of second degree murder.  Thus, the record of conviction demonstrates James is ineligible for relief under section 1172.6 as a matter of law, and therefore, any procedural errors by the court in denying her petition without an evidentiary hearing were harmless.  (*Lewis, supra*, 11 Cal.5th at p. 974.)[2]

---

[2]  Nothing in this opinion should be read as relieving the prosecution and the court of their obligations to comply with the requirements of section 1172.6, subdivision (c). Pursuant to section 1172.6, subdivision (c), the prosecution must file a written response to a facially sufficient petition.  If the prosecution believes the record of conviction establishes the petitioner is ineligible for relief, the prosecution should provide the court with those portions of the record of conviction that support its argument.  At the prima facie hearing, the court may then state, on the record, which portions of the record of conviction it has reviewed in reaching its decision as to whether to issue an order to show cause.

DISPOSITION

The postjudgment order denying James's section 1172.6 petition is affirmed.

MOTOIKE, J.

WE CONCUR:

MOORE, ACTING P. J.

GOETHALS, J.